IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TERRANCE LAMONT LIPSCOMB, PRO SE, § <br> A.K.A. TERRENCE LIPSCOMB,, § <br> TDCJ-CID # 1256559, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> J. GRIMES, Asst. Warden, § <br> § <br> Defendant. § | 2:06-CV-0233 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff TERRANCE LAMONT LIPSCOMB, also known as TERRENCE LIPSCOMB, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant and has been granted permission to proceed in forma pauperis.

Plaintiff states that when he told a Sgt. Wynn that he was having problems with his cellmate and that his cellmate was threatening to harm plaintiff, the situation was not remedied by Sgt. Wynn or Captain Ponder. Plaintiff says two days later, he and his cellmate ended up fighting. Plaintiff states he received a major disciplinary case for fighting without a weapon. Plaintiff was found guilty of the charge, suffering a demotion in line class, a forty-five day cell restriction, and loss of recreation and commissary privileges.

Plaintiff also alleges an officer packed his belongings for him after he was confined in pre-hearing detention and all of the property was not noted on the inventory list. Plaintiff says he told an officer about the situation, who responded plaintiff would probably receive all his property back, but plaintiff did not. Plaintiff complains he submitted a grievance on this issue,

but defendant GRIMES did not make anyone take responsibility for plaintiff's lost property. Plaintiff says defendant GRIMES "didn't investigate, nor did he enforce [sic] his officers to go by policy."

Plaintiff requests that the disciplinary case be expunged from his record and his line class be restored along with the goodtime he would have accumulated at that level. Plaintiff also requests that all of his property be restored.

## JUDICIAL REVIEW

When a party seeks to proceed *in forma pauperis*, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 1997e(c). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**ANALYSIS**

Plaintiff's claim against defendant GRIMES for failing to properly investigate and satisfactorily resolve plaintiff's complaint lacks an arguable basis in law. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Inasmuch as the result of this grievance had no bearing on the duration of his confinement, plaintiff cannot show the existence of a state-created liberty interest in an inmate grievance procedure. *See, Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). This claim against defendant GRIMES lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also appears to claim defendant GRIMES failed to require his subordinates to follow prison policy. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be

redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by the defendant and has alleged no fact showing any causal connection between his acts or omissions and an alleged constitutional violation. Consequently, these allegations against defendant GRIMES fail to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff TERRANCE LAMONT LIPSCOMB, also known as TERRENCE LIPSCOMB, is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  9th  day of April, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE